UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CYNTHIA ZOLANDZ, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br> vs.<br><br>CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES,<br><br>   Defendant. | Case No.: 16-cv-45<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cynthia Zolandz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a personal credit card debt.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from services for personal, family, or household purposes, namely a personal credit card.

6. Defendant Credit Control Services, Inc. ("CCS") is a foreign corporation with its principal place of business located at 2 Wells Ave, Newton, MA 02459. CCS does business as "Credit Collection Services."

7. CCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. CCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CCS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. On or about May 3, 2015, Plaintiff received debt collection letter from CCS regarding an alleged debt, allegedly owed to "Capital One, N.A." A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by CCS to attempt to collect alleged debts.

12. Exhibit A contains the following text:

**50% SETTLEMENT OPPORTUNITY**

**SETTLEMENT AMOUNT: $281.29**

Exhibit A.

13. The letter purports to offer a settlement of about 50% of the total alleged debt.

2

14. <u>Exhibit A</u> also states:

> Please be advised, if you wish to take advantage of this settlement opportunity any time after 06/02/15, you will need to contact this office for personal assistance.

15. The settlement offer in <u>Exhibit A</u> falsely states or implies that the respective settlement offer is valid only until 06/02/15. (<u>Exhibit A</u>).

16. Upon information and belief, CCS had authority from Capital One to settle consumers' accounts for 50% of the amount owed, or less, at any time.

17. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

18. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

19. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

20. Defendant did not use the safe harbor language in <u>Exhibit A</u>.

3

21. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

22. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

24. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. Exhibit A includes false statements to the effect that the settlement offer payment must be received by a specific date.

27. Upon information and belief, the creditor and/or CCS would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

28. CCS violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

29. Plaintiffs brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A (c) seeking to collect a debt for personal, family or household purposes, (d) on or after January 11, 2015, (e) that was not returned by the postal service.

4

Case 2:16-cv-00045-CNC   Filed 01/11/16   Page 4 of 6   Document 1

30. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

31. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

32. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

35. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 11, 2016

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
    Shpetim Ademi (SBN 1026973)
    John D. Blythin (SBN 1046105)
    Mark A. Eldridge (SBN 1089944)
    Denise L. Morris (SBN 1097911)
    3620 East Layton Avenue
    Cudahy, WI 53110
    (414) 482-8000
    (414) 482-8001 (fax)
    sademi@ademilaw.com
    jblythin@ademilaw.com
    meldridge@ademilaw.com
    dmorris@ademilaw.com